ARGUINZONIS, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente posesorio.

No. 533.—Resuelto en julio 3, 1922.

COMPRAVENTA DE PARTICIPACIONES PROINDIVISAS—CONSENTIMIENTO DE LOS CONDUEÑOS.—Para adquirir bienes proindivisos no es necesario el consentimiento de los demás condueños.

DENEGATORIA DE INSCRIPCIÓN—SEMEJANZA ENTRE FINCA INSCRITA Y LA QUE SE TRATA DE INSCRIBIR—DUDA RAZONABLE POR PARTE DEL REGISTRADOR.—La Ley. Hipotecaria impide al registrador inscribir un título posesorio cuando ya se ha hecho una inscripción a nombre de otro, y en caso de duda el registrador está asimismo justificado en su denegatoria. *Veguilla* v. *El Registrador de Guayama*, de junio 22, 1922, (pág. 836).

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. M. Guzmán Texidor.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte Municipal de Cayey dictó resolución a favor del recurrente a virtud de información posesoria de fincas rústicas, pero al ser presentada la orden para su inscripción al Registrador de la Propiedad de Guayama denegó su inscripción fundado en la nota que se transcribe:

"Denegada la inscripción del precedente expediente posesorio porque la finca que por el mismo se pretende inscribir se halla inscrita en mayor porción en el registro y en proindiviso a nombre de Petronila, Carmen, Luis, Pablo y Eleuterio Rivera Vázquez, al folio 163 del tomo 5 de Cidra, finca número 272, inscripción 1ª., y porque no resulta del expediente que el promovente o sus causantes hayan adquirido el inmueble cuya inscripción se interesa, en las porciones que en dicho expediente se determinan, con el consentimiento expreso de los demás condóminos * * * ."

Convenimos con el recurrente en que para adquirir bienes proindivisos no es necesario el consentimiento de los condueños. Tal requisito no consta en el Código Civil.

Respecto al primer motivo de la nota, el recurrente no nos ha llamado la atención de nada a modo de prueba que acredite que el registrador estuvo equivocado al declarar que parte de la finca que se pretendía inscribir coincidía con la finca ya inscrita a nombre de otras personas. La Ley Hipotecaria impide al registrador inscribir un título posesorio cuando ya se ha hecho una inscripción a nombre de otro, y en caso de duda el registrador está asimismo justificado en su denegatoria. El caso de *Veguilla* v. *El Registrador de*

*Guayama,* de junio ·22, 1922, (pág. 836) es de aplicación. Debe revocarse la nota recurrida en cuanto al segundo motivo.y confirmarse respecto al primero.

*Revocada la nota en cuanto al segundo motivo y confirmada en cuanto al primero.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.